F I L E D
United States Court of Appeals
Tenth Circuit

FEB 3 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

———————————————

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

T.A. DARLMON DRAINE,

    Defendant-Appellant.

No. 98-3161
(D. Kan.)
(D.Ct. No. 97-CR-40056)

———————————————

**ORDER AND JUDGMENT**[*]

———————————————

Before **BRORBY**, **EBEL,** and **LUCERO**, Circuit Judges.

———————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant-Defendant T.A. Darlmon Draine plead guilty to possession with

———————————————

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

intent to distribute, within 1,000 feet of a public school, 1.5 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 860. He now appeals his seventy-seven-month sentence, contending the district court erred by ordering a two-level upward adjustment from his base offense level for possession of a weapon under United States Sentencing Guideline § 2D1.1(b)(1). We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and affirm the district court's enhancement.

## I. Background

On April 18, 1996, Topeka police officers noticed extremely loud music coming from a parked vehicle occupied by Mr. Draine. As an officer approached the rear of the vehicle, Mr. Draine sped away. Mr. Draine then drove through two posted stop signs before colliding with another car. His vehicle came to rest in a parking lot located within 1,000 feet of a middle school in the city of Topeka. Mr. Draine subsequently fled on foot, pursued by police officers.[1] The officers found Mr. Draine hidden under the porch of a nearby residence. Further examination under the porch revealed a pager cover, a Ruger .9 mm handgun, and

---

[1] The government at the plea hearing stated, without objection from Mr. Draine, that its evidence would prove the officers pursuing Mr. Draine noticed him clutching something in front of his body. This fact is not contained in the presentence report.

a small bag of marijuana.  The officers also discovered $475 in cash in Mr. Draine's sock.  A search of his vehicle revealed a whiskey bag containing individually wrapped pieces of crack cocaine, items of drug paraphernalia, and a small amount of marijuana.

After pleading guilty to one count of possession with intent to distribute,[2] Mr. Draine filed objections to that portion of the presentence report which recommended a two-level upward enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm.  At the sentencing hearing, the district court adopted the presentence report, and later issued a Memorandum and Order in which he applied the two-level enhancement, concluding:

> Section 2D1.1(b)(1) allows an enhancement when a firearm is possessed during an offense; it does not have to be used.  The application note to § 2D1.1(b)(1) provides that the adjustment should be applied if a weapon was present, unless it is clearly improbable the weapon was connected to the offense.  There is ample evidence here of a connection between the cocaine and the firearm that was discovered.

(Citations omitted.)

---

[2] As part of a plea agreement, two alternative counts of knowingly and intentionally carrying a firearm during and in relation to a drug trafficking crime were dismissed.

## II. Appeal

On direct appeal, Mr. Draine contends the district court erred in enhancing his sentence because the government failed to establish a connection between the cocaine seized from the vehicle and the firearm discovered under the porch. In support of his argument, Mr. Draine claims the government offered no evidence in support of its request for the upward adjustment, but merely relied on the statements contained in the presentence report. By failing to offer additional evidence, Mr. Draine claims the government failed to show he "possessed" the weapon, and the district court later failed to articulate any facts supporting its conclusion he "possessed" the weapon. Even if possession is established, he argues there is a clear improbability of any connection between the gun and crack cocaine, based on the small amount of crack cocaine involved[3] and the fact the gun and cocaine were not kept together.

## III. Discussion

Mr. Draine does not challenge any of the underlying facts in the record on which the district court relied in imposing the enhancement. We therefore review

---

[3] In arguing no connection exists between the gun and recovered drugs, Mr. Draine contends "he merely intended to smoke the quantity of cocaine with some other people," and that "[t]his type of activity with the small quantity of cocaine involved does not reflect the violence usually associated with drug trafficking activity."

his legal challenges *de novo*. *See United States v. Johnson*, 42 F.3d 1312, 1320 (10th Cir. 1994), *cert. denied,* 514 U.S. 1055 (1995).

In determining whether to apply an enhancement under U.S.S.G. § 2D1.1(b)(1), "'[t]he government bears the burden of proving by a preponderance of the evidence the gun was proximate to the drug offense.'" *United States v. Flores*, 149 F.3d 1272, 1280 (10th Cir. 1998) (quoting *United States v. Lang*, 81 F.3d 955, 964 (10th Cir. 1996)), *cert. denied*, ___ S. Ct. ___, 1999 WL8590 (U.S. Jan. 11, 1999) (No. 98-7192). Possession of a weapon in connection with a drug trafficking offense "'is established if the government proves by a preponderance of the evidence that a temporal and spacial relation existed between the weapon, the drug trafficking activity and the defendant.'" *Id.* (quoting *United States v. Roederer,* 11 F.3d 973, 982 (10th Cir. 1993)). This nexus may be established by showing the weapon's location is near the general location "'where drugs or drug paraphernalia are stored or where part of the transaction occurred.'" *Id.* (quoting *Roederer*, 11 F.3d at 983.) Once the government shows Mr. Draine possessed the gun in proximity to the drugs, the burden shifts to Mr. Draine to show the clear improbability that the weapon related to the offense. *Id.*

Contrary to Mr. Draine's contentions, the government's primary reliance on the presentence report, rather than introduction of any additional evidence at the sentencing hearing, does not preclude enhancement of the sentence. At sentencing, the district court may rely on facts stated in the presentence report unless the defendant objects to them. Only when a defendant objects to a fact in a presentence report must the government prove that fact at a sentencing hearing by a preponderance of the evidence. *United States v. Shinault*, 147 F.3d 1266, 1277 (10th Cir.), *cert. denied*, 119 S. Ct. 459 (1998). The defendant's failure to object to a fact in a presentence report, or failure to object at the hearing, acts as an admission of fact. *Id.* at 1278. Because the presentence report contains facts not disputed by Mr. Draine, it provides ample evidence for the government to present and the district court to consider in enhancing his sentence under U.S.S.G. § 2D1.1(b)(1).

For similar reasons, Mr. Draine's complaint that the district court failed to articulate evidence showing he "possessed" the gun is misguided. While a district court may not satisfy its obligation by simply adopting the presentence report as its finding, Mr. Draine waived his right to challenge the court's reliance on the report by failing to object to any of the factual findings contained therein. *See United States v. Yarnell*, 129 F.3d 1127, 1137 (10th Cir. 1997).

Here, the government relied on, and the district court adopted, the undisputed facts contained in the presentence report which clearly establish Mr. Draine possessed the gun. These facts show Mr. Draine took the gun and other drug-related items from the vehicle when he fled and deposited them under the porch where he hid. Thus, the location of the crack cocaine and gun, first together in Mr. Draine's car, and then separated only by Mr. Draine's hasty flight, proves by a preponderance of the evidence a temporal and spacial relation existed between the weapon, the cocaine drug trafficking activity, and Mr. Draine. In other words, the gun's location at, and later near, the general location where the crack cocaine was stored – *i.e.*, the vehicle – shows the proximity necessary to establish possession by Mr. Draine. Thus, the district court's failure to re-articulate in detail the undisputed facts in the presentence report supporting its conclusion does not change the result, nor does the court's reliance on them constitute any error.

Once the government presented facts showing Mr. Draine possessed the gun in proximity to the drugs, Mr. Draine failed to meet his burden of showing the clear improbability that the gun related to the cocaine. His conclusory allegation that these two items lack any connection to each other because they "were not kept together" ignores the fact of their containment together initially in

the vehicle, and then separated only by Mr. Draine's hasty flight as police officers pursued him.

Similarly, we reject his argument no nexus existed between the gun and the crack cocaine because the small amount of crack cocaine was for use by him and his friends, and not part of any drug trafficking activity. Despite Mr. Draine's contentions on appeal, the evidence shows the cocaine was individually wrapped for apparent resale, and Mr. Draine plead guilty to possession of crack cocaine with intent to distribute. Moreover, the items transported by Mr. Draine – a pager cover, the Ruger .9 mm handgun, small bag of marijuana, and the $475 cash hidden in Mr. Draine's sock – are generally recognized as "tools" of the drug trafficking trade. *See United States v. Martinez*, 938 F.2d 1078, 1082-83 (10th Cir. 1991). Thus, it is apparent in this instance that drug trafficking with possession of a weapon deserves upward enhancement under U.S.S.G. § 2D1.1(b)(1). Accordingly, we hold the district court did not err in finding a § 2D1.1(b)(1) offense level increase applied.

The sentence of the district court is hereby **AFFIRMED**.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge